**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Dennis D. Linehan, | Case No. 20-cv-2395 (SRN/LIB) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Attorney General's Office, et al., | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff Dennis D. Linehan's pro se Complaint [Docket No. 1], and his application to proceed in forma pauperis ("hereinafter IFP"). [Docket No. 2]. The matter is now before this Court for review pursuant to 28 U.S.C. § 1915.

After review of the IFP application, this Court concludes that Plaintiff qualifies financially for IFP status. Nevertheless, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. See, 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); Carter v. Schafer, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). For the reasons discussed herein, the Court finds that Plaintiff has failed to state a claim upon which may be granted.

Therefore, the undersigned recommends that Plaintiff's Complaint be **DISMISSED without prejudice** for failure to state a claim, and the undersigned also recommends that Plaintiff's IFP Application, [Docket No. 2], be **DENIED as moot**.

I.   Background

Plaintiff, who is currently civilly committed to the Minnesota Sex Offender Program (hereinafter "MSOP"),[1] initiated this action by filing his Complaint. [Docket No. 1]. Plaintiff's Complaint names as Defendants the "Commissioner of [Minnesota Department of Corrections]"; the "Minnesota Governor's Office"; the Department of Human Services; the "Ramsey County Attorney's Office"; Jodi Harpstead, the Commissioner of the Department of Human Services; the "Warden of Stillwater Prison"; Carl Pentland, a "Stillwater Prison Captain"; Nancy Johnson; Kevin Moser; and Dr. Amanda B. Powers. (Compl. [Docket No. 1], at 8–13).

In his Complaint, Plaintiff generally alleges that Defendants collectively engaged in a pattern of wrongful and malicious conduct to keep him civilly committed for twenty-six years. (Compl., [Docket No. 1] ¶¶ 2–10, 15–20). Plaintiff alleges that in his underlying state court criminal case the "Ramsey County Prosecutors" withheld certain exculpatory evidence in violation of a Court order and improperly used certain "unverifiable" evidence in achieving Plaintiff's state court criminal conviction. (Id. ¶¶ 7–10).[2] Plaintiff avers that Defendants have continued to

---

[1] From the materials submitted by Plaintiff it appears that Plaintiff underlying criminal conviction occurred in 1965. (See, Mem., [Docket No. 3], at 3). Shortly before his release from incarceration in 1995, Ramsey County officials petitioned for Plaintiff to be civilly committed as a psychopathic personality. (See, Id.; Appendix F [Docket No. 4-5]). Although the Minnesota state court initially ordered Plaintiff to be civilly committed indefinitely, the Minnesota Supreme Court ultimately vacated Plaintiff's civil commitment on the basis that the State had failed to prove by clear and convincing evidence the elements required by the then operative state statute. (See, Appendix F [Docket No. 4-5]). After the Minnesota Supreme Court vacated Plaintiff's civil commitment but before Plaintiff was releases from his civil commitment, the Minnesota state legislature passed new legislation regarding the factors required for a person to be civilly committed. (See, Compl. [Docket No. 1]). In so doing, several elected officials made comments specifically noting that Plaintiff needed to remain civilly committed, and Plaintiff's case was references by the Minnesota legislator in its discussion of the new legislation. (See, Id.). After the passage of the new legislation, Plaintiff was again civilly committed. (See, Id.).

[2] Plaintiff does not challenge his underlying criminal conviction; however, the circumstances of his underlying criminal conviction do provide context to his challenge of his civil confinement. In his memorandum, which he submitted along with his Complaint, Plaintiff explains that in 1965 he "made a plea agreement to a guilty charge of

2

withhold this exculpatory evidence from the state courts to maintain Plaintiff's ongoing civil commitment. (Id.). He also alleges that Defendants collectively relied on this "unverifiable" evidence and Plaintiff's allegedly improper criminal conviction to have him civilly committed. (Id.).

Plaintiff alleges that Defendants collectively treated him differently than other civilly committed persons "even creating state statutes and DHS variances that circumvent law to remove Plaintiff's statutory and constitutional rights, protections, and property, written to guarantee he would remain confined." (Id. ¶ 10). Plaintiff avers that "[t]he recordings of the 1994 legislative special session that [was] called into action to amend the state's civil commitment act clearly shows that . . . the proposed SDP bill [was] specifically designed to re-commit Plaintiff, as Plaintiff is the target of the statute, following the state Supreme Court's ORDER to release him from wrongful commitment under the state's then-current [Psychopathic Personality Act] civil commitment." (Id. ¶ 17).

On the basis of the allegations in his Complaint, Plaintiff purports to raise eight causes of action. (Id. ¶¶ 29–35).[3] In Count I, Plaintiff, pursuant to 42 U.S.C. § 1983, alleges that Defendants as a collective "unjustifiably target[ed]" him differently than other civilly committed persons in violation of the Fourteenth Amendment substantive and procedural due process rights, the Equal Protection Clause, and Double Jeopardy. (Id. ¶ 29). In Count II, Plaintiff asserts a § 1983 due process claim based on his allegation that there "is/was no justifiable cause for [his] civil

---

kidnapping, with a murder charged dropped, on Ramsey County Attorney's promise that 'it is our intention that the murder charge could never be used against him [Plaintiff] in the future.'" (Mem., [Docket No. 3], at 3) (alteration in original). He further asserts that he "recently" learned "that the Ramsey County attorney's office withheld a document revealing that a Mr. Gary Lynn Rector had taken police to the 1965 burial site of the girl that prosecutors alleged Plaintiff had murdered." (Id. at 7).

[3] Although Plaintiff's Complaint contains passing references to other federal statutes, Plaintiff does not actual raise any claim under these statutes. For example, Plaintiff references the Americans with Disabilities Act, but the assertion he makes in referencing the Americans with Disabilities Act regards his allegation that he is "treated less than other civilly committed persons" ostensibly in support of a claim for a violation of the Equal Protection Clause. (Compl., [Docket No. 1]¶ 10).

3

commitment," and Defendants, again as a collective, "target[ed] him specifically to satisfy Ramsey County prosecutors insatiable hunger for retribution and/or revenge, motivated by their need to blame someone for a murder when they realized they bungled their own investigation by not holding on to Gary Lynn Rector." (Id. ¶ 30). In Count III, he asserts a claim that he was "maliciously targeted by Defendants," as a collective, based on Plaintiff's allegation that Defendants have improperly confined Plaintiff "during the last 25 years." (Id. ¶ 31). In Count IV, Plaintiff alleges, pursuant to § 1983, that Defendants "assisted in or knowingly allowed the claims unconstitutional targeting practices and allowed the continuance of these action to cause injury and harm." (Id. ¶ 32). In Count V, Plaintiff alleges, again under § 1983, Defendants are liable because they were "grossly negligent in supervising subordinates who directly carried out the wrongful acts" and "Defendant have exhibited deliberate indifferent to Plaintiff's rights' [sic] deprivations by failing to act on information indicating that unconstitutional acts were occurring." (Id. ¶ 33). In Count VI, Plaintiff appears to assert a separate § 1983 substantive due process claim based on his allegation that Defendants' "deliberate indifference" to the ongoing constitutional violations "shock[s] the conscience." (Id. ¶ 34). In Count VII, Plaintiff asserts Defendants are liable for their failure to correct known "wrongs." (Id. ¶ 35). Although not enumerated under his "causes of action," Plaintiff also asserts a claim alleging that Defendants' conduct violated the False Claims Act by "knowingly and willfully targeting Plaintiff,[] with malicious intent to confine him under false pretenses," including the withholding of exculpatory evidence. (Id. ¶ 8).

## II. Standard of Review

A Court may dismiss an action, or any part of an action, sua sponte where an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. See, 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); Carter v. Schafer, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments

4

on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the Court may disregard legal conclusions that are couched as factual allegations. See, Ashcroft v. Iqbal, 556 U.S. 662 (2009).

While the Court must construe the content within Plaintiff's pleadings liberally as he is proceeding pro se, Plaintiff is still bound by applicable procedural and substantive law. See, Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004); Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984). Additionally, "[t]hough pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (internal citations omitted) see, e.g., Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989) (regarding a pro se plaintiff, "we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded"); Cunningham v. Ray, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law."). Federal courts need not "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d at 915.

**III.     Analysis**

Although Plaintiff purports to raise eight distinct causes of action, each of those causes of action hinges on the same underlying factual assertion: Defendants allegedly engaged in unconstitutional conduct in civilly committing Plaintiff. Through each of his claims, Plaintiff seeks to be financially compensated for time he has spent civilly committed.

As discussed below, Plaintiff cannot, consistent with Heck v. Humphrey, 512 U.S. 477 (1994), present any claim that implies the original invalidity of his commitment until he has been afforded relief from that civil commitment in the state courts or in federal habeas corpus proceedings. See, e.g., McHorse v. Minnesota, No. 13-cv-0837, 2013 WL 2383603, at *2 (D. Minn. May 30, 2013) (collecting cases for proposition that "the principles set forth in Heck are fully applicable to . . . detainees who are confined by reason of a civil commitment, rather than a prison sentence."); Henry v. Minnesota, Case No. 11-cv-3136 (SRN/TNL), 2011 WL 6003969 *1, *2 (D. Minn. 2011) (collecting cases for the proposition that Heck applies to challenges by a civil detainee that are intertwined with the validity of his confinement). An individual challenging the fact or duration of his confinement must do so via habeas proceedings. See, e.g., Spencer v. Haynes, 774 F.3d 467, 469–70 (8th Cir. 2014); Feeney v. Auger, 808 F.2d 1279, 1280-81 (1986).[4] Because each of Plaintiff's claims in this action depends on a challenge to the fact of his civil commitment, Plaintiff is precluded from raising any of the claims presented in his Complaint.

The core principle of Heck—that a claim cannot proceed if success on the claim would invalidate a conviction—has become known as the "favorable termination rule." See, Entzi v. Redman, 485 F.3d 998, 1003 (8th Cir. 2007). Although Heck on its face applies only to claims for monetary relief, the Eighth Circuit has made clear that district courts must "disregard the form of

---

[4] This Court notes that Plaintiff's claims were already considered in a prior habeas proceeding before this Court. See, Linehan v. Milczark, Case No. 00-cv-2635 (DSD/AJB), affirmed 315 F.3d 920 (8th Cir. 2003).

relief sought and instead look to the essence of the plaintiff's claims" in determining whether the Heck bar applies. Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996). Many Courts, including the Courts of this District, have concluded that the Heck doctrine is fully applicable to state detainees who are confined because of a civil commitment, rather than a prison sentence. See, Henry v. Minnesota, No. 11-cv-3136 (SRN/TNL), 2011 WL 6003969, at *1, *2 (D. Minn. 2011) (collecting cases for the proposition that Heck applies to challenges by a civil detainee that are intertwined with the validity of his commitment); McHorse v. Minnesota, No. 13-cv-0837, 2013 WL 2383603, at *2 (D. Minn. May 30, 2013) (collecting cases for proposition that "the principles set forth in Heck are fully applicable to" persons "who are confined by reason of a civil commitment, rather than a prison sentence.").

In Heck v. Humphrey, 512 U.S. 477, 486–87 (1994), the United States Supreme Court held that a plaintiff may not "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless that plaintiff first "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." The United States Supreme Court further stated:

> "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."

Id. at 487.

Each of Plaintiff's claims here is directly intertwined with his ongoing civil commitment. For example, in Count I, Plaintiff alleges that Defendants violated the Fourteenth Amendment substantive and procedural due process rights, the Equal Protection Clause, and Double Jeopardy

7

by civilly committing Plaintiff through the then-newly passed legislation. To award Plaintiff relief on such a claim, this Court's finding would necessarily have to invalidate certain aspects of Plaintiff's civil commitment.

In Counts II, III, IV, and VI Plaintiff's claim rests on his allegation that his civil commitment without "justifiable" basis shocks the conscience, and it resulted from malicious prosecution. Similarly, Counts V and VII turn on Plaintiff's allegation that Defendants are liable for failing to reverse his civil commitment and failing to train their "subordinates" to reverse his civil commitment. The same is true of Plaintiff False Claims Act claim in which he alleges that Defendants obtained his civil commitment through the hiding of exculpatory evidence and the use of "unverifiable" evidence. To afford Plaintiff <u>any</u> relief on these claims, the Court's findings would again necessarily invalidate aspects of Plaintiff's civil commitment.

Each of Plaintiff's claims is barred by the <u>Heck</u> doctrine. Thus, Plaintiff has failed to state a claim upon which relief can be granted.[5]

---

[5] This is only one of the various reasons Plaintiff's Complaint warrants dismissal. In addition to being <u>Heck</u> barred, Plaintiff's Complaint lacks any factual allegation as to any specific action taken by any separate Defendant relative to Plaintiff's actual claims. Instead, Plaintiff seems to refer to the Defendants as a collective singular entity. By failing to make any specific factual allegation as to any action taken by any specific Defendant and instead purporting to conclusorily plead <u>all</u> claims against <u>all</u> Defendants, Plaintiff has failed to meet "the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that a pleading must consist only of 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" <u>Larson v. Jesson</u>, No. 11-cv-2247 (PAM/LIB), Order, [Docket No. 41], at 3 (D. Minn. Aug. 25, 2017). This alone could provide a sufficient basis upon which to recommend that Plaintiff's Complaint be dismissed. Additionally, because Plaintiff failed to allege any specific factual allegation as to any specific action taken by any Defendant, his Complaint falls short of the pleading requirements of <u>Iqbal</u> and <u>Twombly</u>. Because Plaintiff's Complaint fails to allege any specific action as to any specific Defendant, the Complaint fails to plead "factual content that allows the court to draw the reasonable inference that" any "defendant is liable for the misconduct alleged" in the Complaint. <u>See</u>, <u>Iqbal</u>, 556 U.S. 678–81; <u>Twombly</u>, 550 U.S. at 556–67. This too represents a sufficient, independent basis upon which to recommend dismissal of Plaintiff's Complaint.

**IV.     Recommendation**

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff's Complaint be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state claim; and

2. Plaintiff's application to proceed in forma pauperis, [Docket No. 2], be **DENIED as moot**.


Dated: March 5, 2021                                  s/Leo I. Brisbois
                                                      Hon. Leo I. Brisbois
                                                      United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).