UNITED STATES DISTRICT COURT
for the
DISTRICT OF MINNESOTA
CIVIL CASE NO: 20-cv-02395-SRN-LIB

RECEIVED BY MAIL
MAR 1 7 2021
CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

| | |
|---|---|
| Dennis D. Linehan<br>    *Petitioner, Pro Se*<br><br>v.<br><br>**John and Jane Does of:**<br>   Attorney General's Office;<br>   Stillwater Prison Warden;<br>   Department of Human Services;<br>   Department of Corrections;<br>   Governors' Office;<br>   Ramsey County Prosecutors;<br>**Amanda B. Powers**, Psy.D.<br>Et. Al.,<br>    Defendants | **Objection to Magistrate Judge's Report and Recommendations**<br><br>Honorable Magistrate Judge Leo I. Brisbois |

1. Petitioner believes that the Report and Recommendations of the above listed civil case filed March 5, 2021 are not based on the facts as presented by Petitioner in his 42 U.S.C. §1983. Perhaps Petitioner could have expressed himself in a different manner to make expressly clear that there is one and only one claim contained in his complaint, and that is "targeting" with intent to harm. All other issues that Judge Brisbois calls claims were previously raised in Habeas Corpus and did not invalidate Petitioner's civil commitment, so the issues should not matter in this §1983 except to necessarily show the lengths to which Defendants have gone to target Petitioner for harm.

1

SCANNED
MAR 1 7 2021
U.S. DISTRICT COURT ST. PAUL

2. Petitioner made clear on the first page of his Complaint that he demanded a jury trial and also requested assistance of an attorney and received no response to either. A §1983 is not a simple piece of litigation that a Pro Se can easily construct. This does require an attorney. Petitioner cannot just make calls to attorney firms for help because Minnesota Sex Offender Program (MSOP) officials have "blocked" all local calls, attorney firm calls, etc. MSOP policy allows only an attorney of record that handles patients' original civil commitment can be called.

3. There are several individuals to be sued and the separate issues are too complex for a Pro Se. An attorney is needed to handle that matter as well as the Discovery procedure and arguments before a jury.

4. Most importantly is that Petitioner's ONLY claim is that he has been, and is currently, maliciously *"targeted"* by Defendants to be confined for the rest of his life without fourteenth amendment due process protections. All of the "claims" pointed out by Judge Brisbois are not Petitioner's actual claims but, are issues included in Petitioner's Complaint and Memorandum simply to show the extent Defendants have gone and are willing to go to attach what amounts to a life sentence upon Petitioner, causing him great harm. Just one example of targeting presented by Petitioner is that of Governor Carlson's whereas he is quoted, " . . . *he believes there will be 'a whale of a good shot' at putting Linehan back in the Security Hospital"*, and

"Ramsey County Attorney Tom Foley said last week that he expects to begin proceedings to recommit Linehan a day or two after the bill is passed." (see Appendix "A" Star Tribune August 31, 1994).

5. In *Estelle v. Gamble*, 429 US 97, 50 L Ed 2d 251, 97 S Ct 285, *A pro se complaint . . . can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.* However, Petitioner believes he can prove to a jury of his peers that his "targeting" claim is valid and will entitle him to relief. I do not see where Judge Brisbois has proved "beyond doubt" that no set of facts will support the targeting claim to entitle Petitioner to relief.

6. To clarify the time line used by Judge Brisbois, Petitioner was targeted for civil commitment under the Psychopathic Personality Act (P.P.) shortly before his release from prison in 1992, not 1995. In 1994, the Minnesota Supreme Court vacated Petitioner's commitment, ordering his release to parole. Under order of Governor Carlson, Petitioner was immediately transferred back to Stillwater Prison to remain under high security by prison guards until the legislature amended the civil commitment act to include the Sexually Dangerous Persons (SDP) Act, which was amended specifically targeting Petitioner for a recommitment.

**7.** Judge Brisbois greatly softened the legislative intent of "targeting" by writing that the legislators were merely "referencing" Petitioner, but the special session legislation Audio Tapes and Minneapolis Star Tribune quotes of Appedices "A" and "B" clearly show strong targeting as well as the conspiracy to target with intent to harm with continued confinement.

**8.** Judge Brisbois also writes that Petitioner's complaint references arguments that were brought up, ruled on and denied in an earlier Writ of Habeas Corpus of 2003, which is not the fact. That 2003 Habeas did not consist of any of the current issues and certainly not the "targeting" claim. Petitioner later filed a Habeas with some of the current complaints and they were not ruled "on the merits" and DENIED as failing to state a claim and a later Habeas was denied while still disregarding the merits of the case. If these issues cannot validate a release then how can one expect that should occur in this current section 1983?

**9.** To once again make clear, Petitioner is not seeking a release from his confinement, rather, he seeks damages for the past, present and/or future harm done to him by Defendants' targeting with no regard for statute, U.S. Supreme Court doctrine nor constitutional violations, as well as the physical and mental anguish associated with and caused by Defendants' targeting Petitioner.

**10.** Judge Brisbois cites Heck v. Humphrey several times throughout his report, claiming that most courts agree with his decision. *Two of the cases were dismissed under Heck v. Humphrey, 512 U. S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), which holds that a claim challenging the validity of a conviction or sentence under 42 U. S. C. 1983 ``does not accrue until the conviction or sentence has been invalidated." 512 U. S., at 490. In concluding that those two Heck dismissals were for failure to state a claim, the District Court followed Circuit precedent. See Smith v. Veterans Admin., 636 F. 3d 1306, 1312 (CA10 2011). Not all Courts of Appeals accept that view. See, e.g., Mejia v. Harrington, 541 Fed. Appx. 709, 710 (CA7 2013).* Petitioner's 1983 claim of targeting is not *"challenging the validity of a conviction or sentence."*

**11.** In Heck v. Humphrey, 512 US 477, 487, 129 L Ed 2d 383, 114 S Ct 2364 (1994) " a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. But, Petitioner is not a prisoner and cannot imply the invalidity of a conviction or sentence. Nor can Petitioner expect his civil commitment to be invalidated.

    **a.** The pragmatic considerations discussed in Heck v. Humphrey, 512 U.S. 477 (1994), apply generally to civil suits within the domain of habeas corpus, not only to those that challenge convictions. See

McDonough v. Smith, 139 S. Ct. 2149; 204 L. Ed. 2d 506; 2019 U.S. LEXIS 4180.

**12.** Again, Petitioner is not challenging a conviction (sentence expired in 1996), petitioning through a Writ of Habeas Corpus nor challenging the validity of involuntary civil commitment. He is challenging the targeting process used to bring harm upon Petitioner. So, it seems reasonable that The decision in Heck does not apply here to Petitioner and, it might be a necessary move to consider a U.S. Supreme Court ruling because a civil commitment is not an adjudication from a court of law whereas there is only a hearing to determine if the elements for commitment are there. My understanding is that criminal law is not supposed to apply to civil proceedings.

**13.** Pursuant to the above objections, Petitioner asks this court to change Judge Brisbois' decision and grant Petitioner relief for his complaint. Or, Grant Petitioner an attorney and allow Petitioner the opportunity to present his issues and targeting claim to a jury of his peers.

*Pursuant to 28 U.S.C. 1746, I, Dennis D. Linehan, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and ability.*

Dated: March 15, 2021

*[signature: Dennis D. Linehan]*
Dennis D. Linehan, Pro Se
1111 Hwy 73
Moose Lake, MN 55767
(218)351-1900 (15 sec. message)