UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Dennis D. Linehan,<br><br>Plaintiff,<br><br>v.<br><br>Attorney General's Office, *et al.*,<br><br>Defendants. | Case No. 20-cv-2395 (SRN/LIB)<br><br><br>**MEMORANDUM OPINION AND ORDER** |

Dennis D. Linehan, 1111 Hwy 73, Moose Lake, MN 55767, Pro Se.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Dennis Linehan's Objections [Doc. Nos. 8, 9] to Magistrate Judge Leo Brisbois's March 5, 2021 Report and Recommendation ("R&R") [Doc. No. 7]. The Magistrate Judge recommends that this action be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. For the reasons set forth below, the Court overrules Linehan's Objections, adopts the R&R in its entirety, dismisses this action for failure to state a claim, and denies as moot Linehan's IFP Application.

**I.    BACKGROUND**

On November 25, 2020, Linehan, who is civilly committed to the Minnesota Sex Offender Program ("MSOP") and has been for approximately 26 years, commenced this civil action by filing a Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983

[Doc. No. 1], an IFP Application [Doc. No. 2], a Memorandum of Law in support of his Complaint [Doc. No. 3], and several Appendices [Doc. No. 4].

In his Complaint, Linehan generally alleges that Defendants engaged in a pattern of wrongful conduct to ensure his indefinite civil commitment. (*Id.* ¶¶ 2-10, 15-20.) He alleges that, in his underlying criminal proceedings, certain Ramsey County prosecutors misused evidence and wrongfully withheld exculpatory evidence. (*Id.* ¶¶ 7-10.) Linehan also alleges that Defendants targeted him, even creating "state statutes and DHS variances" to guarantee his continued civil commitment. (*Id.* ¶ 10.)

Based on these allegations, Linehan appears to bring seven claims under § 1983 and one under the False Claims Act ("FCA"). Under Count I, he alleges that the Defendants "target[ed]" him for different treatment as compared to other civilly committed persons in violation of his substantive and procedural due process rights under the Fourteenth Amendment, the Equal Protection Clause, and Double Jeopardy. (*Id.* ¶ 29.) Under his § 1983 due process claim in Count II, he asserts that his civil commitment was never justified under the statute. (*Id.* ¶ 30.) Under Count III, he asserts a claim that Defendants have "maliciously targeted" him for the last 25 years. (*Id.* ¶ 31.) Under Count IV, he alleges that the Defendants "assisted in or knowingly allowed" the alleged unconstitutional targeting to occur. (*Id.* ¶ 32.) Under Count V, he alleges that Defendants have been grossly negligent in supervising subordinates who have carried out his civil confinement and that, as a result, Defendants have demonstrated a deliberate indifference to his constitutional rights. (*Id.* ¶ 33.) Under Count VI, he appears to assert a separate § 1983 substantive due process claim that Defendants have shown deliberate indifference to his constitutional

rights. (*Id.* ¶ 34.) Under Count VII, Linehan asserts that Defendants are liable for failure to correct their past violations of his rights. (*Id.* ¶ 35.) Finally, Linehan appears to assert a claim that Defendants violated the FCA by "knowingly and willfully targeting" him with "malicious intent" "to confine him under false pretenses," including by withholding certain exculpatory evidence during his underlying criminal proceedings. (*Id.* ¶ 8.)

In his R&R, Magistrate Judge Brisbois recommends that Linehan's action be dismissed for failure to state a claim. (*See* R&R at 2, 9.) He notes that all of Linehan's causes of action rest on the common allegation that Defendants engaged in unconstitutional conduct in civilly committing him. (*Id.* at 6.) As a result, the Magistrate Judge finds that *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Linehan's claims. (*Id.* at 6-9.)

On March 17, 2021, Linehan filed his objections to the R&R. First, he asserts that his Complaint only contains one claim: that the Defendants "targeted" him for civil commitment with an intent to harm him. (Objs. ¶¶ 1, 4, 6-7.) Second, he contends that *Heck* does not bar his claims because: (1) he is not seeking release, but rather an award of damages; (2) he is not a prisoner; and (3) his § 1983 targeting claim does not challenge the validity of a conviction or sentence. (*Id.* ¶¶ 9-12.) Third, he argues that he has alleged sufficient facts to survive dismissal for failure to state a claim. (*Id.* ¶ 5.) Finally, he requests the assistance of an attorney because he contends that: (1) the issues in this case are complex; (2) MSOP policy does not permit him to call attorneys to request representation; and (3) an attorney is necessary to conduct discovery and present his case to a jury. (*Id.* ¶¶ 2-3.)

3

## II.    DISCUSSION

### A.    Standard of Review

Upon issuance of an R&R, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Then, the district court will review de novo those portions of the R&R to which an objection is made, and it "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by the magistrate judge. 28 U.S.C. § 636(b)(1); *accord* D. Minn. LR 72.2(b)(3).

Where a litigant has filed an application to proceed without paying fees or costs, the district court may dismiss the complaint if it determines that the action fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Because the language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), the Court applies Rule 12(b)(6) standards when evaluating whether to dismiss under § 1915(e)(2)(B)(ii). *See Jackson v. Dep't of Human Servs. Background Studies*, No. 15-CV-504 (SRN/JJK), 2015 U.S. Dist. LEXIS 101690, at *7 (D. Minn. Aug. 4, 2015) (citations omitted).

A complaint fails to state a claim when it lacks factual allegations that allow the Court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts the facts alleged in the complaint as true and views those allegations in the light most favorable to the plaintiff. *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013). However, the Court need not accept as true wholly conclusory allegations or legal conclusions couched as factual allegations. *Id.* To avoid dismissal, a complaint must contain "enough facts to state

a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. Finally, when a plaintiff proceeds pro se, the Court construes the complaint liberally, but the complaint must allege sufficient facts to support a claim. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

### B. Analysis

#### 1. Applicability of *Heck v. Humphrey*

The Court first addresses Linehan's objections to the Magistrate Judge's finding that *Heck* bars his claims. First, Linehan argues that *Heck* does not apply because he does not seek release, but rather money damages. (Objs. ¶¶ 9, 12.) However, this argument does not remove his claims from *Heck*'s reach. A plaintiff may not "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless that plaintiff first "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. Further, when a state prisoner seeks damages in a § 1983 suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. Here, all of Linehan's claims rest on his

5

allegation that his civil commitment is invalid, and granting any of his requested relief would "necessarily imply the invalidity of his" civil commitment. *See id.* Consequently, *Heck* bars his claims.

Second, Linehan argues that *Heck* does not apply here because he is not a prisoner and he is not challenging the validity of a conviction or sentence. (Objs. ¶¶ 10-11.) However, "the principles set forth in *Heck* are fully applicable to state detainees who are confined by reason of a civil commitment, rather than a prison sentence." *Henry v. Minnesota*, No. 11-3136 (SRN/TNL), 2011 U.S. Dist. LEXIS 140513, at *5 (D. Minn. Nov. 8, 2011) (collecting case law in support).

### 2. Plausibility of Allegations Under *Twombly* and *Iqbal*

Next, Linehan argues that he plausibly states a claim for "targeting" under § 1983 because it is not "'beyond doubt' that no set of facts will support" his claim. (Objs. ¶ 5.) This objection is unavailing. First, the Court notes that the "beyond doubt" pleading standard that Linehan raises is rooted in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), which has been replaced by the plausibility pleading standard articulated in *Twombly*, 550 U.S. at 570, and *Iqbal*, 556 U.S. at 678. Under *Twombly* and *Iqbal*'s heightened pleading standard, he must plead a claim that is plausible, not just possible. Further, Linehan does not point to any allegations that could save his claims in light of *Heck*.

### 3. Request for the Appointment of Counsel

Finally, Linehan requests that counsel be appointed to represent him. (Objs. ¶¶ 2-3.) Pro se litigants do not have a constitutional or statutory right to counsel in civil cases. *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). However, although courts cannot

require an attorney to represent a civil litigant, courts have discretion under 28 U.S.C. § 1915(e)(1) to appoint counsel to represent a pro se party. *See Vann v. Smith*, No. 13-00893 (SRN/JSM), 2014 U.S. Dist. LEXIS 194614, at *1-2 (D. Minn. Apr. 21, 2014). Among the factors a court should consider in deciding whether to appoint counsel are "the factual and legal complexity of the underlying issues, the existence of conflicting testimony, and the ability of the indigent plaintiff to investigate the facts and present his claims." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Courts have considerable discretion in determining whether to appoint counsel. *See Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011).

The Court declines to appoint counsel for several reasons. First, the relevant facts and applicable law are neither complex nor unique. Further, Linehan has demonstrated a threshold ability to argue his case and to communicate effectively with the Court, and it does not appear that appointing counsel would significantly benefit either Linehan or the Court.

### III.  CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Accept Petitioner's Objection to Magistrate Judge Brisbois' Report and Recommendation [Doc. No. 9] is **GRANTED** to the extent it requests the Court to consider his objections and is **DENIED** to the extent it requests the Court to sustain his objections;

2. Plaintiff's objections [Doc. No. 8] to the Report and Recommendation are **OVERRULED**;

3. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation [Doc. No. 7] in its entirety;

4. This matter is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim; and

5. Plaintiff's application to proceed *in forma pauperis* [Doc. No. 2] is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 15, 2021                           s/Susan Richard Nelson
                                               SUSAN RICHARD NELSON
                                               United States District Judge